IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-309-1 |
| | ) | |
| ERIC DESHAWN IRVIN | ) | |

OPINION

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by Eric Deshawn Irvin ("petitioner"). Because petitioner knowingly and voluntarily agreed to waive his right to file a §2255 motion attacking his conviction or sentence, and the enforcement of that waiver will not work a miscarriage of justice, his §2255 motion will be denied.[1]

**Procedural History**

On December 7, 2004, a grand jury returned a one-count indictment charging petitioner, along with Ronell Smith and Maurice Watkins, with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §846. On January 13, 2006, petitioner appeared before this member of the court and changed his previously entered plea of not guilty to guilty at Count One pursuant to a written plea agreement. A presentence report was ordered and a sentencing date was set.

---

[1] Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Where the record conclusively shows that a movant is not entitled to relief, the court may dismiss the motion based on the record without a hearing. See United States v. Nahodil, 36 F.3d. 323, 326 (3d Cir. 1994). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). In this case, for the reasons set forth in this opinion, the record affirmatively establishes as a matter of law that petitioner's claims for relief have been waived.

After receipt of the presentence report this court issued a memorandum order and tentative findings and rulings. Based on a total offense level of 37 and a criminal history category of IV, the court calculated petitioner's advisory guideline range to be 262-327 months.

Nearly a month after the tentative findings were issued, and one day prior to the scheduled sentencing date, which already had been postponed three times, twice at the request of petitioner and once by a co-defendant, the court received a letter from petitioner which was construed as a *pro se* motion to withdraw guilty plea. In that letter, petitioner alleged that his retained counsel, Mark Lancaster, Esq., had told him that he would receive a sentence of 10 years if he pled guilty. Based on this alleged misrepresentation, petitioner sought to withdraw his guilty plea. By order dated July 17, 2006, the court denied petitioner's motion, finding that he had not provided a "'fair and just reason' for withdrawing his plea, either by asserting his actual innocence or otherwise advancing legitimate reasons sufficient to permit the withdrawal of his guilty plea."

The following day, prior to the sentencing hearing, the court met in chambers with the attorneys for petitioner and co-defendants Smith and Watkins, as well as Assistant United States Attorney Margaret Picking. At that meeting, Attorney Lancaster expressed concerns regarding his continued representation of petitioner based on the allegations petitioner raised in his *pro se* letter. The court advised Attorney Lancaster that it was not inclined to permit him to withdraw from representation at the last minute, and proceeded to the sentencing hearing. The court imposed a sentence of 262 months' imprisonment, the low end of the advisory guideline range.

Attorney Lancaster timely filed a notice of appeal on behalf of petitioner in the Third Circuit Court of Appeals. However, Attorney Lancaster failed to file a brief and appendix as directed on numerous occasions by the appellate court. Accordingly, he was removed and attorney R. Damien Schorr was appointed by that court to represent petitioner on his direct appeal.

On direct appeal, petitioner alleged that this court abused its discretion in denying both his motion to withdraw guilty plea and his day-of-sentencing request for new counsel, while the government argued that petitioner had waived his right to a take a direct appeal under the terms of his plea agreement. On May 31, 2011, the Third Circuit Court of Appeals affirmed petitioner's conviction but vacated his sentence and remanded for re-sentencing. While finding that petitioner knowingly and voluntarily entered into the plea agreement containing the appellate waiver, the Court of Appeals nevertheless concluded that enforcement of the waiver would work a manifest injustice because this court abused its discretion in denying petitioner's motion for new counsel without adequately inquiring into the reason for petitioner's request. Accordingly, it vacated petitioner's sentence and remanded for re-sentencing. Significantly, however, the appellate court found no abuse of discretion in this court's denial of petitioner's motion to withdraw guilty plea, and affirmed petitioner's conviction.

On September 29, 2011, petitioner, still represented by Attorney Schorr, appeared before this court and was re-sentenced to a term of imprisonment of 210 months. Petitioner then filed a direct appeal from that final judgment. The Court of Appeals for the Third Circuit entered an order granting the government's motion to enforce petitioner's appellate waiver, which order was certified and issued in lieu of a formal mandate.

### Petitioner's §2255 Motion

Petitioner timely filed the pending §2255 motion in which he asserts three grounds for relief: (1) Attorney Lancaster was ineffective in advising him that he would receive a sentence of 10 years if he pled guilty; (2) Attorney Lancaster was ineffective in failing to object to a violation of Fed. R. Crim. P. 11(b)(1)(N) during his plea colloquy; and, (3) Attorney Lancaster was ineffective in failing to pursue petitioner's direct appeal.

AO 72
(Rev. 8/82)

The government has filed a response arguing that petitioner's claims "have been previously addressed and adjudicated, both by the District Court and by the Court of Appeals." Petitioner has filed a reply to the government's response.

### Standard of Review

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a).

As a collateral challenge, a motion pursuant to 28 U.S.C. § 2255 is reviewed much less favorably than a direct appeal of the sentence. United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014). Accordingly, relief under § 2255 is available only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and ... 'present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" Davis v. United States, 417 U.S. 333, 346 (1974)(*quoting* Hill v. United States, 368 U.S. 424, 428 (1962)).

### Discussion

Petitioner in this case entered into a negotiated plea agreement with the United States Attorney for the Western District of Pennsylvania which contained a provision expressly waiving his collateral attack rights. This waiver provision provides:

> "[Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

Plea Agreement, ¶A17.

The Court of Appeals for the Third Circuit has recognized that a defendant's waiver of his right to file a §2255 motion or other collateral proceeding attacking his conviction and sentence is enforceable "provided that [it is] entered into knowingly and voluntarily <u>and</u> [its] enforcement does not work a miscarriage of justice." <u>United States v. Mabry</u>, 536 F.3d 231, 237 (3d Cir. 2008). (emphasis added). Applying this standard, the court finds that petitioner's waiver of his collateral attack rights in this case is valid and enforceable.

First, the record establishes that petitioner's waiver of his collateral attack rights was knowing and voluntary. Because there is no allegation here that petitioner actually was misled into waiving his collateral attack rights, the court may determine whether the waiver was knowing and voluntary merely by looking to the written plea agreement itself as well as the change of plea colloquy. <u>Mabry</u>, 536 F.3d at 238.

Here, petitioner's collateral attack waiver, clearly set forth in the written plea agreement, is very broad and, unlike his direct appeal waiver,[2] which explicitly preserved his right to take a direct appeal under certain enumerated circumstances, contains <u>no</u> exceptions, explicitly stating that petitioner "<u>waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.</u>" Plea Agreement, ¶A17. (emphasis added).

---

[2] It is significant to note that on two occasions, the United States Court of Appeals for the Third Circuit has found that petitioner's waiver of his appellate rights contained within the same plea agreement as his collateral attack waiver was knowing and voluntary, both on direct appeal when it found that petitioner had knowingly and voluntarily waived his right to file a direct appeal but nevertheless declined to enforce the waiver due to the error regarding the denial of petitioner's motion for new counsel, <u>United States v. Irvin</u>, 429 Fed. Appx. 182, 185-188 (3d Cir. 2011), and implicitly again when it enforced the appellate waiver on petitioner's direct appeal from his re-sentencing. <u>United States v. Irvin</u>. CA 11-4119 (2012).

Moreover, a review of the plea colloquy establishes that petitioner plainly understood the terms of the agreement waiving his collateral attack rights. Whether a defendant knowingly and voluntarily enters into a plea agreement containing a waiver turns on whether the "the district court inform[ed] the defendant of, and determine[d] that the defendant underst[ood] the terms of any plea agreement provisions waiving the right ... to collaterally attack the sentence as Federal Rule Criminal Procedure 11(b)(1)(N) requires." Mabry, 536 F.3d at 239.

Here, although this court did not strictly adhere to Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving the right to collaterally attack his sentence with a §2255 motion, the record makes clear that petitioner otherwise understood he was giving up that right. *See, e.g.*, United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008) (deficient plea colloquy did not preclude defendant from understanding that he had waived his appellate rights, and holding that the defendant's substantial rights were not affected); Irvin, 429 Fed. Appx. at 186 (concluding that petitioner had "failed to demonstrate that [this court's] error in conducting the Rule 11 colloquy seriously affected the fairness, integrity or public reputation of the judicial proceedings").

In this case, as already discussed, petitioner's collateral attack waiver clearly is set forth in the written plea agreement. Plea Agreement, ¶A17. The government summarized the plea agreement at the change of plea hearing and reviewed all of the agreement's terms, including the collateral attack waiver provision, specifically noting that he "further waives the right to file a motion to vacate sentence under 28 U.S.C. Section 2255." Plea Transcript at 17. When the court asked petitioner whether he had any questions regarding the plea agreement, he stated under oath "no, sir" and indicated that it still was his desire to plead guilty to Count 1. Id. at 20. Petitioner

then executed the plea agreement after acknowledging that he had read the document and had discussed it with his attorney, and affirmed under oath that he had done so. Thus, it is clear from the record that petitioner's assent to the plea agreement, including the collateral attack waiver provision, was voluntary and knowing. Accordingly, despite the court's failure to strictly adhere to Fed. R. Crim. P. 11(b)(1)(N), the record shows that petitioner understood that by pleading guilty he was giving up his right to file a §2255 motion.

Petitioner also argues that he did not agree to the waiver knowingly and voluntarily because his attorney falsely "promised" him that he would receive only the mandatory minimum sentence of 120 months if he pled guilty. However, even assuming that petitioner's counsel misrepresented the sentence that plaintiff might receive, such statements would not render petitioner's waiver involuntary, as the record establishes that petitioner was well aware of the potential sentencing ramifications of his guilty plea. Specifically, during the plea colloquy the court explicitly advised petitioner that he "would be subject to a penalty of not less than ten years imprisonment." Plea Transcript at 10.

Thus, even if petitioner's counsel had "promised" petitioner that he would receive a sentence of only 120 months, it nevertheless is clear that petitioner understood that there was nothing in the plea agreement which guaranteed him an actual sentence of the mandatory minimum, or of any other specific sentence. Rather, petitioner knowingly and voluntarily entered the plea with full knowledge of the potential sentencing ramifications. Irvin, 429 Fed. Appx. at 185-188 (finding on direct appeal that the appellate waiver entered into by petitioner was knowing and voluntary despite petitioner's contention that Attorney Lancaster had told him he would receive a 120-month sentence if he pled guilty).

Although the court is satisfied that petitioner's waiver of his collateral attack rights was knowing and voluntary, that does not end the inquiry. In determining whether to enforce a waiver, the court must also examine whether enforcement of that waiver, even if knowing and voluntary, would work a miscarriage of justice. Mabry, 536 F.3d at 237. "[A] court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice based on the record evidence before it." Id. at 237-38. This court is to use a common sense approach and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Mabry, 536 F.3d at 243.

Utilizing this approach, this court is satisfied that the enforcement of petitioner's knowing and voluntary waiver of his right to file a §2255 motion would not work a miscarriage of justice in this case. First, as in Mabry, enforcement of the collateral attack waiver here would not bar petitioner from pursuing relief on any grounds expressly preserved in the plea agreement, as the collateral attack waiver agreed to by petitioner was broad and contained no exceptions. Plea Agreement, ¶A17 (emphasis added).

Nor can it be argued that petitioner's counsel was ineffective or coercive in negotiating the plea agreement that contained the collateral attack waiver provision, *see* United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)(stating that enforcing a waiver in connection with a coerced plea would work a miscarriage of justice), as any such contention is foreclosed by the finding of the Third Circuit Court of Appeals on direct review that petitioner's guilty plea in this case was knowing and voluntary. Irvin, 429 Fed. Appx. at 185-188.

Finally, petitioner has not identified "any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." Mabry, 536 F.2d at 243. Rather, the three grounds for relief petitioner seeks to raise in his pending motion clearly are encompassed by the broad waiver of his collateral attack rights and otherwise are "not substantial." Id.

Here, all three grounds for relief advanced by petitioner allege ineffective assistance of counsel. In order to establish constitutionally ineffective assistance of counsel, a petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and, (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the prejudice prong of the Strickland test can be met by a showing that, but for counsel's errors, petitioner would have proceeded to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

"[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies ... [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. at 696-697.

Here, petitioner's first two ineffective assistance of counsel claims - that Attorney Lancaster was ineffective by improperly advising him that a guilty plea would result in a 10-year sentence and by failing to object to this court's non-compliance with Rule 11(b)(1)(N) - effectively are foreclosed by the decision of the Third Circuit Court of Appeals on petitioner's direct appeal. Specifically, the appellate court already has found that even if petitioner's counsel had

misrepresented the sentence petitioner would receive, petitioner nevertheless displayed a complete understanding of the actual sentencing ramifications of his guilty plea during the plea colloquy, and therefore his plea otherwise was knowing and voluntary. Irvin, 429 Fed. Appx. at 188. And, as already discussed, the Court of Appeals also specifically held that petitioner failed to demonstrate that this court's Rule 11 error "seriously affected the fairness, integrity or public reputation of the judicial proceedings." Id. at 186. Accordingly, petitioner cannot establish prejudice from either Attorney Lancaster's alleged misrepresentation regarding the potential sentence or his failure to object to the non-compliance with Rule 11.

Nor can petitioner establish any prejudice with regard to his claim that Attorney Lancaster was ineffective in failing to file a brief on petitioner's behalf on direct appeal, as any deficiency in that regard was rectified when the Third Circuit Court of Appeals removed Attorney Lancaster and appointed Attorney Schorr, who successfully obtained for petitioner a remand for re-sentencing and, subsequently, a 52-month reduction in sentence.

As petitioner has failed to identify "any nonfrivolous ground, not covered by the waiver, for a collateral attack," and the grounds petitioner seeks to raise otherwise are not substantial, Mabry, 536 F.2d at 243, this court cannot find that enforcement of the collateral attack waiver would give rise to a miscarriage of justice.

Accordingly, because petitioner knowingly and voluntarily agreed to waive his right to file a motion to vacate under §2255 or any other collateral proceeding attacking his conviction or sentence, and the enforcement of that waiver will not work a miscarriage of justice, this court concludes that petitioner's waiver of his collateral attack rights is enforceable. Petitioner's §2255 motion therefore will be denied.

AO 72
(Rev. 8/82)

- 10 -

### Certificate of Appealability

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause).

Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where, as here, the court denies relief on procedural grounds, a petitioner is entitled to a certificate of appealability only if he can demonstrate both that jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right and that jurists of reason would find it debatable whether the court is correct in its procedural ruling. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000); Bivings v. Wakefield, 316 Fed. Appx. 177, 179 (3d Cir. 2009).

Here, the court is satisfied that no reasonable jurist would argue that petitioner's waiver of his collateral attack rights is not enforceable for the reasons outlined above. Slack, 529 U.S. at 484. Nor is it reasonably debatable that petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court believes that a certificate of appealability should not issue in this case. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

An appropriate order will follow.

Date: August 31, 2015

Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)

- 11 -

cc: Margaret E. Picking
Assistant U.S. Attorney

Eric Deshawn Irvin